MICHAEL FAILLACE & ASSOCIATES PC.
60 East 42nd Street, Suite 4510
New York, New York 10165
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EFRAIN ANZURES REYES, GARCIA
BENITO, LAZARO CORNEJAL RAMIREZ,
LUIS ANTONIO HERNANDEZ
CAPETILLO, and PEDRO FERNANDO
XUYA MORALES, *individually and on behalf
of others similarly situated,*

                    *Plaintiffs,*

            -against-

LAML LLC (d/b/a JOHN SULLIVAN'S BAR
& GRILL), 240 BBJ PUB INC. (D/B/A JACK
DOYLE'S IRISH PUB), JOHN CREEGAN
and BRENDAN CREEGAN,
                    *Defendants.*

--------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b) AND RULE 23**
**CLASS ACTION**


**ECF Case**

        Plaintiffs Efrain Anzures Reyes, Garcia Benito, Lazaro Cornejal Ramirez, Luis Antonio

Hernandez Capetillo, and Pedro Fernando Xuya Morales ("Plaintiffs"), individually and on behalf

of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C.,

upon their knowledge and belief, and as against Defendants LAML LLC (d/b/a John Sullivan's

Bar & Grill), 240 BBJ Pub Inc. (d/b/a Jack Doyle's Irish Pub) ( "Defendant Corporations"), John

Creegan and Brendan Creegan ( "Individual Defendants"), (collectively, "Defendants"), allege as

follows:

## NATURE OF THE ACTION

        1.      Plaintiffs are former and current employees of Defendants LAML LLC (d/b/a John

Sullivan's Bar & Grill), 240 BBJ Pub Inc. (d/b/a Jack Doyle's Irish Pub), John Creegan and

Brendan Creegan.

2.     Defendants own, operate, and/or control two Irish restaurants one of which is located at 210 West 35th Street, New York, NY 10001 (hereinafter "John Sullivan location") and the other one at 240 West 35th Street, New York, NY 10001 (hereinafter "Jack Doyle's location"), under the names John Sullivan's Bar & Grill and Jack Doyle's Irish Pub.

3.     Plaintiffs have been employed as cooks, salad preparers, dishwashers, and porters.

4.     Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

5.     Rather, prior to February 2017, Defendants failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

6.     Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

7.     Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of N.Y. Lab. Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

10.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

13.     Plaintiff Efrain Anzures Reyes ("Plaintiff Anzures" or "Mr. Anzures") is an adult individual residing in Queens County, New York. He has been employed by Defendants from on or about April 2016 until on or about March 2017 and from approximately October 2017 until the present date. During the course of his employment, Plaintiff Anzures has worked at Defendants' John Sullivan's location.

14.     Plaintiff Benito Garcia ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Union County, New Jersey. He was employed by Defendants from approximately

November 2015 until on or about November 17, 2017. During the course of his employment, Plaintiff Garcia worked at Defendants' John Sullivan's location.

15.     Plaintiff Lazaro Cornejal Ramirez ("Plaintiff Cornejal" or "Mr. Cornejal") is an adult individual residing in Queens County, New York. He has been employed by Defendants from approximately March 25, 2016 until on or about October 2016, from approximately November 2016 until on or about April 2017, and from approximately August 3, 2017 until the present date. During the course of his employment, Plaintiff Cornejal has worked at Defendants' Jack Doyle's and John Sullivan's locations.

16.     Plaintiff Luis Antonio Hernandez Capetillo ("Plaintiff Antonio" or "Mr. Antonio") is an adult individual residing in Bronx County, New York. He was employed by Defendants from approximately March 2013 until on or about February 2014 and from approximately March 2016 until on or about July 2017. During the course of his employment, Plaintiff Antonio worked at Defendants' Jack Doyle's location.

17.     Plaintiff Pedro Fernando Xuya Morales ("Plaintiff Fernando" or "Mr. Fernando") is an adult individual residing in Kings County, New York. He has been employed by Defendants from approximately December 28, 2015 until on or about June 12, 2017 and from approximately August 3, 2017 until the present date. During the course of his employment, Plaintiff Fernando has worked at Defendants' John Sullivan's location.

*Defendants*

18.     At all times relevant to this complaint, Defendants have owned, operated and/or controlled two Irish restaurants one of which is located at 210 West 35th Street, New York, NY 10001 ( "John Sullivan location") and the other one at 240 West 35th Street, New York, NY 10001 ( "Jack Doyle's location"), under the names John Sullivan's Bar & Grill and Jack Doyle's.

19.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

20.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

21.     Upon information and belief, LAML LLC (d/b/a Jack Doyle's Irish Pub) is a corporation organized and existing under the laws of the state of New York, and maintains its principal place of business at 210 West 35th Street, New York, NY 10001.

22.     Upon information and belief, 240 BBJ Pub Inc. (d/b/a Jack Doyle's Irish Pub) is a corporation organized and existing under the laws of the state of New York, and maintains its principal place of business at 240 West 35th Street, New York, NY 10001.

23.     Defendant John Creegan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Creegan is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations. Upon information and belief, Defendant John Creegan possesses or possessed operational control over each of Defendant Corporations possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. Defendant John Creegan determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Brendan Creegan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Brendan Creegan is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations. Upon information and belief, Defendant Brendan Creegan possesses or possessed operational control over each of Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. Defendant Brendan Creegan determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate two Irish restaurants located in the Midtown West section of Manhattan in New York City.

26.     Upon information and belief, individual Defendants John Creegan and Brendan Creegan possess operational control over the Defendant Corporations, each possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possesses substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs , and all similarly situated individuals, referred to herein.

29.     Defendants jointly have employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and similarly situated individuals.

31.     Upon information and belief, Individual Defendants John Creegan and Brendan Creegan operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

a)  failing to adhere to the corporate formalities necessary to operate the Defendant Corporations as separate and legally distinct entities;

b)  defectively forming or maintaining the Defendant Corporations, by among other things, failing to hold annual meetings or to maintain appropriate corporate records;

c)  transferring assets and debts freely as between all Defendants;

d)  operating the Defendant Corporations for their own benefit as the sole or majority shareholders;

e)  operating the Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely held controlled entities;

f)  intermingling assets and debts of their own with the Defendant Corporations;

g)  diminishing and/or transferring assets to protect their own interests; and

h)  other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL. Defendants have had the power to hire and fire Plaintiffs, control

the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

33.    In each year from 2013 to the present, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at John Sullivan's Bar & Grill and Jack Doyle's Irish Pub, such as vegetables and beverages, were produced outside the state of New York.

*Individual Plaintiffs*

35.    Plaintiffs are former and current employees of defendants and have been employed as cooks, salad preparers, dishwashers, and porters.

36.    They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Efrain Anzures Reyes*

37.    Plaintiff Anzures has been employed by Defendants from approximately April 2016 until on or about March 2017 and from approximately October 2017 until the present date.

38.    During the course of his employment, Plaintiff Anzures has worked at Defendants' John Sullivan's location.

39.    Plaintiff Anzures has been employed by Defendants as a dishwasher.

40.    Plaintiff Anzures regularly has handled goods in interstate commerce, such as dishwashing soap and other supplies produced outside the state of New York.

41.     Plaintiff Anzures's work duties have required neither discretion nor independent judgment.

42.     Plaintiff Anzures regularly has worked in excess of 40 hours per week.

43.     From approximately April 2016 until on or about November 2016, Plaintiff Anzures worked from approximately 5:00 p.m. until on or about 3:00 a.m. five days a week and from approximately 5:00 p.m. until on or about 3:15 p.m. one day a week (typically 60.25 hours per week).

44.     From approximately December 2016 until on or about February 2017, Plaintiff Anzures worked from approximately 9:00 a.m. until on or about 9:00 p.m. four days a week, from approximately 9:00 a.m. until on or about 9:15 p.m. one day a week, and from approximately 9:00 a.m. until on or about 3:00 p.m. one day a week (typically 66.25 hours per week).

45.     From approximately February 2017 until on or about March 2017, Plaintiff Anzures worked from approximately 9:00 a.m. until on or about 5:00 p.m. to 6:00 p.m. six days a week (typically 48 to 54 hours per week).

46.     From approximately October 2017 until the present date, Plaintiff Anzures has worked from approximately 9:00 a.m. until on or about 4:00 p.m. six days a week (typically 42 hours per week).

47.     Throughout his employment with Defendants, Plaintiff Anzures has been paid his wages in cash.

48.     From approximately April 2016 until on or about January 2017, Plaintiff Anzures was paid $10.00 per regular and overtime hour.

49.     From approximately January 2017 to the present date, Plaintiff Anzures has been paid $11.00 per regular and overtime hour.

50.     Defendants never have granted Plaintiff Anzures a meal break or rest period of any length.

51.     Defendants have not provided Plaintiff Anzures with a statement of wages with each payment of wages, as required by NYLL 195(3).

52.     No notification, either in the form of posted notices, or other means, has been given to Plaintiff Anzures regarding overtime and wages under the FLSA and NYLL.

53.     Defendants have not given any notice to Plaintiff Anzures, in English and in Spanish (Plaintiff Anzures's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Benito Garcia*

54.     Plaintiff Garcia was employed by Defendants from approximately November 2015 until on or about November 17, 2017.

55.     During the course of his employment, Plaintiff Garcia worked at defendants' John Sullivan's location.

56.      Plaintiff Garcia was employed by Defendants as a cook.

57.     Plaintiff Garcia regularly handled goods in interstate commerce, such as meats and other supplies produced outside the state of New York.

58.     Plaintiff Garcia's work duties required neither discretion nor independent judgment.

59.     Plaintiff Garcia regularly worked in excess of 40 hours per week.

60.     From approximately November 2015 until on or about November 17, 2017, Plaintiff Garcia worked from approximately 7:00 a.m. until on or about 4:00 p.m. to 5:00 p.m. five

days a week and from 7:00 a.m. until on or about 6:00 p.m. to 7:00 p.m. one day a week (typically 56 to 62 hours per week).

61.     Throughout his employment with Defendants, Plaintiff Garcia was paid his wages in a combination of check and cash.

62.     Specifically, Defendants paid Plaintiff Garcia by check for his first 40 hours and in cash for his hours over 40.

63.     From approximately November 2015 until on or about January 2016, Plaintiff Garcia was paid $14.00 per hour.

64.     From approximately February 2016 until on or about August 2017, Plaintiff Garcia was paid $15.00 per hour.

65.     From approximately September 2017 until on or about November 17, 2017, Plaintiff Garcia was paid $18.00 per hour.

66.     Defendants never granted Plaintiff Garcia a meal break or rest period of any length.

67.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

68.     Defendants did not give any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.     Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including three pairs of pants, three hats, and two pairs of shoes.

*Plaintiff Lazaro Cornejal Ramirez*

70. Plaintiff Cornejal has been employed by Defendants from approximately March 25, 2016 until on or about October 2016, from approximately November 2016 until on or about April 2017, and from approximately August 3, 2017 until the present date.

71. During the course of his employment, Plaintiff Cornejal worked at Defendants' Jack Doyle's location from approximately March 25, 2016 until on or about October 2016 and from approximately November 2016 until on or about April 2017; he then has worked at Defendant's John Sullivan's location from approximately August 3, 2017 until the present date.

72. Plaintiff Cornejal has been employed by Defendants as a porter.

73. Plaintiff Cornejal regularly has handled goods in interstate commerce, such as cleaning supplies and other supplies produced outside the state of New York.

74. Plaintiff Cornejal's work duties have required neither discretion nor independent judgment.

75. Plaintiff Cornejal regularly has worked in excess of 40 hours per week.

76. From approximately March 25, 2016 until on or about October 2016 and from approximately November 2016 until on or about April 2017, Plaintiff Cornejal worked at the Jack Doyle location from approximately 12:00 a.m. until on or about 8:30 a.m. to 9:00 a.m. Wednesdays through Mondays (typically 51 to 54 hours per week).

77. From approximately August 3, 2017 until the present date, Plaintiff Cornejal has worked at the John Sullivan location from approximately 12:00 a.m. until on or about 8:30 a.m. to 9:00 a.m. seven days a week (typically 58 to 60 hours per week).

78. Throughout his employment with Defendants, Plaintiff Cornejal has been paid his wages in cash.

79.     From approximately March 25, 2016 until on or about December 2016, Plaintiff Cornejal was paid $10.00 per hour.

80.     However, for approximately one week during this time period, Plaintiff Cornejal was not paid his wages for the hours he worked.

81.     From approximately January 2017 until the present date, Plaintiff Cornejal has been paid $11.00 per hour.

82.     However, Plaintiff Cornejal once had to pay an employee approximately $80.00 and he was promised that Defendants would pay him back but never did.

83.     Plaintiff Cornejal's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

84.     For example, from approximately March 2016 until on or about October 2016, defendants required Plaintiff Cornejal to work thirty minutes past his scheduled departure time some days of the week, and did not compensate him for the additional time he worked.

85.     Defendants never have granted Plaintiff Cornejal a meal break or rest period of any length.

86.     Prior to November 2016, Plaintiff Cornejal was not required to keep track of his time, nor to his knowledge, did defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

87.     Defendants have not provided Plaintiff Cornejal with a statement of wages with each payment of wages, as required by NYLL 195(3).

88.     No notification, either in the form of posted notices, or other means, has been given to Plaintiff Cornejal regarding overtime and wages under the FLSA and NYLL.

89.     Defendants have not given any notice to Plaintiff Cornejal, in English and in

Spanish (Plaintiff Cornejal's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Luis Antonio Hernandez Capetillo*

90.     Plaintiff Antonio was employed by Defendants from approximately February 2013 until on or about January 2014 and from approximately March 2016 until on or about July 2017.

91.     Throughout his employment with defendants, Plaintiff Antonio worked at Defendants' Jack Doyle location.

92.     Plaintiff Antonio was employed by Defendants as a dishwasher and porter.

93.     Plaintiff Antonio regularly handled goods in interstate commerce, such as dishwashing liquid and other supplies produced outside the state of New York.

94.     Plaintiff Antonio's work duties required neither discretion nor independent judgment.

95.     Plaintiff Antonio regularly worked in excess of 40 hours per week.

96.     From approximately February 2013 until on or about January 2014, Plaintiff Antonio worked from approximately 12:00 a.m. until on or about 9:00 a.m. to 9:15 a.m. Sundays through Fridays (typically 54 to 55.5 hours per week).

97.     From approximately March 2016 until on or about July 2017, Plaintiff Antonio worked from approximately 5:00 a.m. until on or about 5:00 p.m. Tuesdays through Sundays (typically 72 hours per week).

98.      Throughout his employment with Defendants, Plaintiff Antonio was paid his wages in cash.

99.     From approximately February 2013 until on or about January 2014, Plaintiff Antonio was paid $10.00 per hour.

100.    From approximately March 2016 until on or about July 2017, Plaintiff Antonio was paid $11.00 per hour.

101.    However, for approximately a week in this period, Plaintiff Antonio was not paid for his wages for the hours worked.

102.    Plaintiff Antonio's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

103.    For example, from approximately February 2013 until on or about January 2014, defendants required Plaintiff Antonio to work 15 minutes past his scheduled departure time six days a week, and did not compensate him for the additional time he worked.

104.    Defendants never granted Plaintiff Antonio a meal break or rest period of any length.

105.    From approximately February 2013 until on or about January 2014, Plaintiff Antonio was not required to keep track of his time, nor to his knowledge, did defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

106.    Defendants did not provide Plaintiff Antonio with a statement of wages with each payment of wages, as required by NYLL 195(3).

107.    No notification, either in the form of posted notices, or other means, was given to Plaintiff Antonio regarding overtime and wages under the FLSA and NYLL.

108.    Defendants did not give any notice to Plaintiff Antonio, in English and in Spanish (Plaintiff Antonio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

109.    Defendants required Plaintiff Antonio to purchase "tools of the trade" with his own funds—including a pair of non-slip shoes.

*Plaintiff Pedro Fernando Xuya Morales*

110.    Plaintiff Fernando has been employed by Defendants from approximately December 28, 2015 until on or about June 12, 2017 and from approximately August 3, 2017 until the present date.

111.    During the course of his employment, Plaintiff Fernando has worked at defendants' John Sullivan location.

112.    Plaintiff Fernando has been employed by Defendants as a dishwasher from approximately December 28, 2015 until on or about February 2016, as a salad preparer from approximately March 2016 until on or about August 2016, and as a cook from approximately September 2016 until the present date.

113.    Plaintiff Fernando regularly has handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

114.    Plaintiff Fernando's work duties have required neither discretion nor independent judgment.

115.    Plaintiff Fernando regularly has worked in excess of 40 hours per week.

116.    From approximately December 2015 until on or about February 2016, Plaintiff Fernando worked as a dishwasher from approximately 5:00 p.m. until on or about 3:00 a.m. four days a week and from approximately 5:00 p.m. until on or about 4:00 a.m. to 4:30 p.m. two days a week (typically 51 to 52 hours per week).

117.    From approximately February 2016 until on or about August 2016, Plaintiff Fernando worked as a salad preparer from approximately 10:00 a.m. until on or about 10:00 p.m. to 12:00 a.m. Saturdays through Thursdays (typically 72 to 84 hours per week).

118.    From approximately September 2016 until on or about June 12, 2017, Plaintiff Fernando worked as a cook for a range of approximately 50 to 55 hours per week.

119.    From approximately August 2017 until the present date, Plaintiff Fernando has worked as a cook for a range of approximately 48 to 50 hours per week.

120.    From approximately December 28, 2015 until on or about August 2017, Plaintiff Fernando was paid his wages in cash.

121.    From approximately September 2017 until the present date, Plaintiff Fernando has been paid his wages by check.

122.    From approximately December 28, 2015 until on or about August 2016, Plaintiff Fernando was paid $10.00 per hour.

123.    From approximately September 2016 until on or about June 2017, Plaintiff Fernando was paid $11.00 per hour.

124.    From approximately August 2017 to the present date, Plaintiff Fernando has been paid $13.00 per hour.

125.    Plaintiff Fernando's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

126.    For example, from approximately December 2015 until on or about February 2016, defendants required Plaintiff Fernando to work one hour to an hour and a half past his scheduled departure time six days a week, and did not compensate him for the additional time he worked.

127.   In addition, from approximately February 2016 until on or about August 2016, defendants required Plaintiff Fernando to work two hours past his scheduled departure time six days a week, and did not compensate him for the additional time he worked.

128.   Defendants never have granted Plaintiff Fernando any meal breaks or rest periods of any length.

129.   Prior to September 2017, Defendants never provided Plaintiff Fernando with a statement of wages with each payment of wages, as required by NYLL 195(3).

130.   No notification, either in the form of posted notices, or other means, has been given to Plaintiff Fernando regarding overtime and wages under the FLSA and NYLL.

131.   Defendants have not given any notice to Plaintiff Fernando, in English and in Spanish (Plaintiff Fernando's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

132.   Defendants have required Plaintiff Fernando to purchase "tools of the trade" with his own funds—including three pairs of kitchen shoes.

*Defendants' General Employment Practices*

133.   At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs  and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

134.   Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law *inter alia*, by not paying them the wages they were owed for the hours they worked.

135.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

136.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

137.    All Plaintiffs have been paid their wages in cash or in a combination of check and cash, except for Plaintiff Fernando who has been paid his wages by check since September 2017.

138.    For a period of time during the employment of Plaintiffs Cornejal and Antonio, defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

139.    Defendants also have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

140.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

141.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

142.    Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former employees.

143.   Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

144.   Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

145.   Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA class Period").

146.   Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

147.   At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

148.   The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

149.   Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

150.   Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

151.   The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the

calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

152.    There are questions of law and fact common to the Class including:

a)    What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)    Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)    Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f)    Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h)    What are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and

practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

153.   The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

154.   The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

155.   The common questions of law and fact predominate over questions affecting only individual members.

156.   A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

157.   Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

158.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein

159.    At all times relevant to this action, Defendants have been Plaintiffs' employers (and employers of the putative FLSA and Rule 23 class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

160.    Defendants have failed to pay Plaintiffs and the FLSA and Rule 23 class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

161.    Defendants' failure to pay Plaintiffs and the FLSA and Rule 23 class members at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

162.    Plaintiffs and the FLSA and Rule 23 class members have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

163.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

164.    Defendants have failed to pay Plaintiffs and the FLSA and Rule 23 class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

165.    Defendants' failure to pay Plaintiffs and the FLSA and Rule 23 class members overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

166.    Plaintiffs and the FLSA and Rule 23 class members have been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

167.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

168.    Defendants have paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

169.    Defendants' failure to pay Plaintiffs minimum wage has been willful within the meaning of NYLL § 663.

170.    Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK LABOR LAW**

171.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

172.    Defendants have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

173.    Defendants' failure to pay Plaintiffs overtime compensation has been willful within the meaning of NYLL § 663.

174.    Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

175.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

176.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs 's spread of hours have exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

177.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours have exceeded ten hours has been willful within the meaning of NYLL § 663.

178.     Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

179.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

180.     Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

181.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

182.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

183.     Defendants have not provided Plaintiffs with wage statements upon each payment

of wages, as required by NYLL 195(3).

184.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

185.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

186.     Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as kitchen shoes, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

187.     Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class

members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA and Rule 23 class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 class members;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 class members;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the FLSA and Rule 23 class members;

(k)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order are willful as to Plaintiffs and the FLSA and Rule 23 class members;

(m)     Declaring that Defendants have violated section 191 of the New York Labor Law;

(n)     Declaring that Defendants have violated section 193 of the New York Labor Law;

(o)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL, as applicable;

(p)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)     Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)     Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(s)     Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 21, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
        Michael Faillace, Esq. (MF-8436)
        60 East 442nd Street, Suite 4510
        New York NY 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                          Efrain Anzures Reyes

Legal Representative/ Representante        Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:

Date/ Fecha:                          November 10, 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 7, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Garcia Benito

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     7 de noviembre

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
—————

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:    Lazaro  Cornejal Ramirez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:    *Lazaro Ramirez*

Date / Fecha:    10 de noviembre

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

---

Faillace@employmentcompliance.com

November 15, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Luis Antonio Hernandez Capetillo**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

15 de noviembre de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 15, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Pedro Fernando Xuya Morales

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           15 de noviembre de 2017

*Certified as a minority-owned business in the State of New York*