# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

October 5, 2018

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re: <u>Anzures Reyes et al v. LAML, LLC et al;</u>
        17-cv-09118-LGS

Your Honor,

  This firm represents the Plaintiffs Efrain Anzures Reyes, Garcia Benito, Lazaro Cornejal Ramirez, Luis Antonio Hernandez Capetillo, and Pedro Fernandez Xuya Morales ("Plaintiffs") in the above-referenced matter. Plaintiff writes jointly with Defendants LAML LLC (d/b/a John Sullivan's Bar & Grill), 240 BBJ Pub Inc. (d/b/a Jack Doyle's Irish Pub), (the "Defendant Corporations"), John Creegan, and Brendan Creegan (the "Individual Defendants") (collectively, "Defendants") to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as **Exhibit A.**

  Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice against these Defendants, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims against the Parties asserted in this case as outlined more specifically in the attached Agreement.

  The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

**Background**

  Plaintiff Efrain Anzures Reyes ("Plaintiff Anzures") was employed by Defendants as a dishwasher from approximately April 2016 until in or about March 2017 and again from approximately October 2017 to in or about November 2017. Plaintiff Anzures worked 42 to 66.25 hours per week and was paid $10.00 to $11.00 per hour. Plaintiff Benito Garcia ("Plaintiff

Hon. Lorna G. Schofield
October 5, 2018

Garcia") was employed by Defendants as a cook from approximately November 2015 until on or about November 17, 2017. Plaintiff Garcia worked 56 to 62 hours per week and was paid $14.00 to $18.00 per hour.

Plaintiff Lazaro Cornejal Ramirez ("Plaintiff Cornejal") was employed by Defendants as a porter from approximately March 25, 2016 until in or about October 2016, again from approximately November 2016 until in or about April 2017, and again from August 3, 2017 until in or about November 2017. Plaintiff Cornejal worked 51 to 60 hours per week and was paid $10.00 per hour. Plaintiff Luis Antonio Hernandez Capetillo ("Plaintiff Antonio") was employed by Defendants as a dishwasher and porter from approximately February 2013 until in or about January 2014 and again from March 2016 until in or about July 2017. Plaintiff Antonio worked 54 to 72 hours per week and was paid $10.00 to $11.00 per hour.

Plaintiff Pedro Fernando Xuya Morales ("Plaintiff Fernando") was employed by Defendants as a dishwasher and salad preparer from approximately December 28, 2015 until in or about June 2017 and again from approximately August 3, 2017 until in or about December 2017. Plaintiff Fernando worked 48 to 84 hours per week and was paid $10.00 to $13.00 per hour.

Plaintiffs thereafter brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., the overtime wage orders of the New York Commission of Labor codified at N.Y. Comp Codes R. & Regs. Tit. 12, § 146-1.6, and the N.Y. Lab. Law § 190 et seq. Plaintiffs also sought statutory damages for violations of the wage notice and wage statement provisions in New York Labor Law § 195.

Defendants dispute Plaintiffs' time period and hours worked. Additionally, Defendants provided documentation that they claim would show Plaintiffs are not entitled to their full amount of damages sought. After weighing the risks of trial and costs of further litigation, the parties have reached an agreement at an early stage.

**Settlement**

The parties have agreed to settle this action for the total sum of Eighty-Six Thousand Dollars ($86,000.00) which will be paid as outlined in **Exhibit A**. Plaintiffs estimated that, in their best-case scenario, they would be entitled to approximately $184,434.60, of which $53,286.75 would equal their unpaid wages. However, if Defendants were to succeed, they estimate that Plaintiffs would be entitled to a lesser amount.

Fifty-Seven Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($57,333.33) of the settlement amount will be given to Plaintiffs. The remaining Twenty-Eight Thousand Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($28,666.67) will be applied as attorneys' fees and costs.

Hon. Lorna G. Schofield
October 5, 2018

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.,* 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 225 (*quoting Medley v. Am. Cancer Soc*., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. Settlement at this stage avoids the need for costly trial. Furthermore, the settlement agreement is the product of arm's-length bargaining between counsel.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $28,666.67 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Michael Faillace: Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since

Hon. Lorna G. Schofield
October 5, 2018

- 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  His work is billed at the rate of $450 per hour and indicated by the initials "MF."
- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015.  During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP.  After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation.  Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.
- Haleigh Amant is an associate at Michael Faillace & Associates, P.C. Since graduating law school in 2017 from the George Washington University Law school, she has been practicing strictly employment law and representing employees in wage and hour disputes. Her work is billed at $250 per hour and indicated by the initials "HA."

The lodestar amount for Plaintiffs' attorneys' fees is $10,012.50.  A copy of Plaintiffs' attorneys' billing records is annexed hereto as **Exhibit B**.  It is fair and reasonable for Plaintiffs' attorneys to receive one-third of the total settlement amount.  Plaintiffs' attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount.  Moreover, reducing the amount of the settlement that goes to Plaintiffs' attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount.  It also would create a disincentive to early settlement, and instead create an incentive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved.  *See Hyun*, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("the Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate")(quoting *McDaniel v. City of* Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).  Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees.  This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount.  As a result, the fees should be approved.  However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiffs' attorneys from that proposed herein, the parties and Plaintiffs' attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiffs' attorneys that the Court deems appropriate.

**Conclusion**

Hon. Lorna G. Schofield
October 5, 2018

      Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his clients. Plaintiffs' interests have thus been adequately safeguarded.

      In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

      Thank you for your consideration in this matter.

      Respectfully Submitted,

      /s/ Michael Faillace
      Michael Faillace, Esq.
      Michael Faillace & Associates, P.C.
      *Attorneys for Plaintiffs*

cc:    Michael K. Chong, Esq.
      *Attorney for Defendants*